UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SB SPRING, a California Limited Liability Company,<br>        Plaintiff,<br><br>v.<br><br>VLADIMIR SKLAROV a/k/a VAL SKLAROV, SHARON SKLAROV, and SHARON SKLAROV AS TRUSTEE OF THE SKLAROV CHILDREN'S REVOCABLE TRUST DATED FEBRUARY 17, 1998,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, SB Spring, LLC, a California Limited Liability Company, by and through its attorneys, BROWN, UDELL, POMERANTZ & DELRAHIM, LTD., complains of the Defendants, Vladimir Sklarov, a/k/a Val Sklarov, Sharon Sklarov, and Sharon Sklarov as Trustee of the Sklarov Children's Revocable Trust dated February 17, 1998, stating as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, SB Spring, LLC ("SB Spring") is a California limited liability company with its principal place of business in Los Angeles, California.

2.    Defendant Vladimir Sklarov, also known as Val Sklarov ("Val"), is an individual who resides in Lake Forest, Illinois.

3.    Defendant Sharon Sklarov ("Sharon") is an individual who resides in Lake Forest, Illinois.

4.    Sharon Sklarov, an individual, is an Illinois resident residing at the address listed above. Sharon Sklarov is also named as Trustee of the Sklarov Children's Revocable Trust dated February 17, 1998 (the "Trustee"), which is an Illinois trust. Val Sklarov, Sharon Sklarov, and Trustee are collectively referred to herein as "Guarantors."

5. This Court has subject matter jurisdiction over this cause pursuant to 28 USC § 1332(a) because the amount in controversy in this matter exceeds $75,000, exclusive of interest, and the parties thereto are citizens of different states.

6. Venue is proper before this Court under the terms of the Joint and Several Guaranty Agreement, dated November 27, 2014 (the "Guaranty"), which SB Spring seeks to enforce in this lawsuit. A true and accurate copy of the Guaranty is attached hereto as **Exhibit A**. Under Section U of the Guaranty, the Guarantors consented to jurisdiction and venue before any federal court located within the Northern District of Illinois. (*Id.* ¶ U.)

7. Venue is also proper before this Court, pursuant to 28 U.S.C. § 1391, because all of the Defendants reside in the Northern District of Illinois.

## BACKGROUND FACTS

8. On or about November 27, 2013, KIDZ Real Estate Group, LLC ("KIDZ") entered into a credit agreement with SB Spring in the principal amount of $1,500,000.00, memorialized in a Promissory Note (the "Note"), a true and accurate copy of which is attached hereto as **Exhibit B**. The Note was secured in part by an Open-End Mortgage, Security Agreement, and Financing Statement (the "Mortgage"). The Mortgage was subsequently recorded on December 17, 2013, with the Lucas County, Ohio, Recorder of Deeds as document number OR 20131217-0064169, against a condominium apartment development in Toledo, Ohio, commonly known as the Riviera Maia Apartments ("the Property"). A true and accurate copy of the Mortgage is attached hereto as **Exhibit C**. The Mortgage is conditioned upon the payment of all sums due under any loan transactions and amendments executed by KIDZ.

9. Contemporaneously with KIDZ's execution and delivery of the Note and Mortgage, and in order to induce SB Spring to enter into the Note, Guarantors executed the Guaranty (collectively with the Note and the Mortgage, the "Loan Documents"). By that document, the

Guarantors each agreed to be jointly and severally liable for KIDZ's debt on the Note if KIDZ failed to satisfy any of its obligations under the Note or other Loan Documents.

10. KIDZ was required by the Loan Documents to make regular monthly interest payments to SB Spring. (Ex. B. ¶ D.) The Note matured on November 30, 2014, unless extended pursuant to the specific terms set forth therein. (*Id.* ¶ F.) Upon the maturity date, KIDZ was obligated to repay to SB Spring all loan principal, interest, and any other amounts due under the Loan Documents, which was defined therein to include both the Guaranty and the Mortgage. (*Id.*) The Mortgage, in turn, required KIDZ to pay all property taxes and assessments before any penalty interest attaches, in addition to all special taxes, special assessments, water charges, sewer service charges, and all other charges "of any nature whatsoever" when due. (Ex. C ¶ 4.)

11. An "Event of Default" is defined in the Loan Documents as, among other things:

   a. Any default in the payment of principal or interest or in the payment of any other required monetary amount under any of the other Loan Documents (Ex. A ¶ C; Ex. B ¶ M(1); Ex. C ¶ 15(a));

   b. If there is any material adverse change in the net worth of Maker (Ex. A ¶ C; Ex. B ¶ M(5); Ex. C ¶ 15(a));

   c. If KIDZ is enjoined, restrained or in any way prevented by court order from conducting all or any material part of its business affairs with respect to the Property (Ex. A ¶ C; Ex. B ¶ M(6); Ex. C ¶ 15(a)).

12. Upon an Event of Default, SB Spring has the option, upon notice to KIDZ and Guarantors, and their failure to cure within twenty-eight (28) days, to impose default interest at a rate of 15% per annum, accelerate the entire balance of the Note, and pursue any and every other right, remedy, and power it might have under the Loan Documents, and at law or equity. (Ex. A ¶ P; Ex. B ¶¶ M(1), M(3); Ex. C ¶ 15(a).)

88569

13. In the event of a default, Guarantors are jointly and severally liable for the obligations KIDZ failed to satisfy in the Note and the Loan Documents. (Ex. A ¶¶ A, P.) KIDZ, and therefore the Guarantors, must repay SB Spring for all costs of collection and litigation, together with reasonable attorneys' fees, if the Note is placed in the hands of any attorney to enforce collection or protect SB Spring's security. (*Id.*)

14. Several Events of Default have occurred. On November 30, 2014, the Note matured and came due but KIDZ did not repay the principal due and owing and it did not exercise the option to extend the maturity date set forth in Paragraph F of the Note. (*See* Ex. B ¶ F.)

15. Prior to December 22, 2014, SB Spring became aware that KIDZ was delinquent in the repayment of its property tax obligations. As evidenced by property tax statements issued by Lucas County, true and accurate copies of which are attached hereto as **Exhibit D**, as of December 22, 2014, KIDZ had failed to pay more than $173,817.87 in property taxes levied upon the Property (the "Property Tax Liability"). Since that time, KIDZ continued to fail to pay property taxes, such that by July of 2015, the Property Tax Liability increased to $438,502.96.

16. KIDZ's failure to pay the Property Tax Liability constitutes an Event of Default under the Loan Documents. This is a default of each of the Loan Document provisions detailed above in Paragraph 10(a).

17. Furthermore, upon information and belief, KIDZ has, through neglect, failed to make necessary repairs, and, upon information and belief, through a failure to apply rents to necessary deferred maintenance and capital investments, allowed the Property to fall into disrepair. As a result of KIDZ's neglect and failure to act, the Property has recently been condemned by the City of Toledo and all residents have been ordered to leave the premises. This is a default of each of the Loan Document provisions detailed above in Paragraph 10(c).

18. Because the Property has been condemned, its value has been compromised. As the Property is KIDZ's sole asset, KIDZ's net worth has therefore decreased materially. Moreover,

because the Property has been condemned, KIDZ is no longer collecting rents and has been unable, since December, 2014, to collect rents. Indeed, KIDZ has not made a payment of principal or interest towards the Note since February 5, 2014. This is a default of each of the Loan Document provisions detailed above in Paragraphs 10(a) and 10(b).

19. On December 22, 2014, SB Spring sent notice to KIDZ advising it that it was in default of the Loan Documents. A true and accurate copy of this notice is attached hereto as **Exhibit E**. KIDZ took no steps to remedy its defaults.

20. On February 19, 2015, SB Spring sent a second default notice to KIDZ with respect to the Loan Documents. A true and accurate copy of that second default notice is attached hereto as **Exhibit F**. On that same date, SB Spring also sent default notices to Guarantors, true and accurate copies of which are attached hereto as **Exhibit G**. SB Spring served the February 19, 2015 default notices as set forth in the Loan Documents; SB Spring further served copies upon counsel for the individual Guarantors, Val and Sharon.

21. More than twenty-eight days passed since that demand was made but neither KIDZ nor Guarantors remedied their respective defaults of the Loan Documents. SB Spring therefore elected to accelerate the entire amount owed under the Note. On April 9, 2015, SB Spring filed suit to foreclose upon the Mortgage and to enforce the Note against KIDZ (the "Ohio Foreclosure"). A true and accurate copy of that Complaint, without exhibits, is attached hereto as **Exhibit H**.

22. On April 24, 2015, the County of Lucas, Ohio, commenced a foreclosure lawsuit against KIDZ due to its failure to pay the Property Tax Liability (the "Tax Lawsuit"). A true and accurate copy of that complaint is attached hereto as **Exhibit I**. SB Spring, as it is authorized to do under the Loan Documents, paid the outstanding property tax bill on July 7, 2015, in the amount of $438,502.96, plus $644 in court costs, for a total of $439,146.96 (the "Property Tax

Payment"), to settle the Tax Lawsuit. A true and accurate copy of that payment is attached hereto as **Exhibit J**.

23. As of the date of this filing, SB Spring has incurred, in addition to the Property Tax Payment, significant attorneys' fees and costs in attempts to recover the amounts owed under the Loan Documents, including fees and costs incurred in connection with the Ohio Foreclosure, the Property Tax Payment, and the Tax Lawsuit. The precise amount of SB Spring's collection costs has not yet been liquidated but at the present moment said amount exceeds $50,000.00.

## COUNT I: BREACH OF GUARANTY

24. SB Spring realleges and adopts the allegations in Paragraphs 1-23 as if set forth fully herein.

25. SB Spring is the holder of the Note. All conditions precedent to the right of SB Spring to recover under the Note have occurred, have been satisfied, or have been waived.

26. Each Guarantor has a duty, pursuant to the obligations they undertook in the Guaranty, to satisfy the obligations of KIDZ under the Loan Documents.

27. KIDZ failed to pay the indebtedness evidenced by the Note. KIDZ is therefore in default of the Loan Documents.

28. As of September 3, 2015, KIDZ's balance due and owing pursuant to the Loan Documents exceeds $2 million. KIDZ has failed to repay the principal amount of the Note, $1.5 million, in addition to interest and default interest exceeding $50,000.00, and more than $4,000.00 in late fees. In addition, KIDZ has failed to pay property taxes on the Property, thus requiring SB Spring to make the Property Tax Payment. KIDZ has also failed to reimburse SB Spring for attorneys' fees and other costs of litigation incurred as a result of KIDZ' defaults.

88569

29. SB Spring has made demands upon Guarantors to repay the foregoing amounts but Guarantors have failed, and continue to fail, to meet their guaranty obligations.

30. Guarantors are therefore each in breach of the Guaranty.

WHEREFORE Plaintiff, SB Spring, LLC, prays that this Honorable Court enter judgment in its favor and against Defendants Vladimir Sklarov, Sharon Sklarov, and Sharon Sklarov as Trustee for the Sklarov Children's Revocable Trust Dated February 17, 1998, in an amount to be proven at trial, plus all attorneys' fees, costs, interest, and any other amounts due and owing, and any other relief it deems necessary and just.

Dated: September 4, 2015

Respectfully Submitted,

SB SPRING, LLC

By: _/s/ John M. Kraft_
One of its Attorneys

Shelley Smith (ARDC #6208287)
John M. Kraft (ARDC #6280397)
BROWN, UDELL, POMERANTZ & DELRAHIM, LTD.
1332 N. Halsted
Chicago, Illinois 60642
(312) 475-9900 (telephone)
(312) 475-1188 (fax)
ssmith@bupdlaw.com
jkraft@bupdlaw.com
*Attorneys for the Plaintiff, SB Spring, LLC*

88569