# EXHIBIT A

## JOINT AND SEVERAL GUARANTY AGREEMENT

**FOR VALUE RECEIVED** and in consideration of a loan made to KIDZ REAL ESTATE GROUP, LLC, an Ohio limited liability company ("Kidz" or "Borrower"), by SB SPRING, LLC, a California limited liability company ("Lender"), as evidenced by that certain Promissory Note dated November 27, 2013, made by Borrower, payable to the order of Lender, in the principal amount of One Million Five Hundred Thousand and NO/100 Dollars ($1,500,000.00) (the "Note"), the terms and conditions of which are incorporated herein by reference (the Note and the other documents evidencing or securing such indebtedness described therein being hereinafter collectively referred to as the "Loan Documents"), the undersigned, VLADIMIR SKLAROV a/k/a Val Sklarov ("VS"), SHARON SKLAROV ("SS"), and SHARON SKLAROV, AS TRUSTEE OF THE SKLAROV CHILDREN'S REVOCABLE TRUST DATED FEBRUARY 17, 1998 ("Trustee") (VS, SS and Trustee being hereinafter together sometimes referred to as "Guarantors" or individually as a "Guarantor"), to induce Lender to disburse the proceeds of the Note, hereby unconditionally, irrevocably and jointly and severally with all other guarantors, guarantee the full and prompt payment to Lender when due or declared due, whether at maturity or earlier by reason of acceleration or otherwise, and at all times thereafter, of (i) all principal amounts due or to become due, and all other obligations of Borrower, under the Note; and (ii) all interest, default charges, late fees, fees, expenses, penalties, attorneys' fees of Lender, damages and other charges now or hereafter accruing on or imposed under the Note (all of which are hereinafter referred to collectively as "Liabilities"). In addition to the Liabilities, Guarantors further agree to pay all reasonable attorneys' fees and other expenses paid or incurred in attempting to collect all or any portion of the Liabilities from or in prosecuting any action against Borrower or Guarantors including any and all reasonable costs of collection and enforcement. Items not otherwise defined herein shall have the meaning as defined in the Note or other loan documents.

A. **Joint and Several Liability.** Guarantors hereby agree that the obligations of Guarantors under this Guaranty shall be joint and several, absolute and unconditional, irrespective of (i) the validity or enforceability of any of the other Loan Documents evidencing or securing all or any part of the Liabilities; (ii) the absence of any attempt to collect the Liabilities from Borrower or from any other guarantor of the Liabilities, or other action to enforce the same; (iii) the waiver or consent by Lender with respect to any provision of any of the other Loan Documents or any other agreement, now or hereafter executed by Borrower and delivered to Lender; or (iv) failure by Lender to take any steps to preserve its rights to any security or collateral for the Liabilities.

B. **Notice.** Except for notices specifically required herein and in the Loan Documents Guarantors hereby waive diligence, presentment, demand of payment, filing of claims with a court in the event of receivership or bankruptcy of any of Borrower, notice of dishonor with respect to the Liabilities and all demand whatsoever, and covenant that this Guaranty will not be discharged except by complete payment and performance of the Liabilities contained herein or as may be otherwise provided herein.

1

C. **Lender's Right to Proceed as Against Guarantors.** Upon the occurrence or existence of an Event of Default under the Note or any of the other Loan Documents, after any applicable cure period, Lender may, at its sole election, proceed directly and at once, against any Guarantor to collect and recover the full amount or any portion of the Liabilities without first proceeding against either of Borrower, any other person, firm, corporation or Guarantor or any security or collateral for the Liabilities.

D. **Marshaling of Assets.** Guarantors consent and agree that Lender shall be under no obligation to marshal any assets in favor of Guarantors or in payment of any or all of the Liabilities.

E. **Application of Proceeds.** Lender shall have the exclusive right to determine the application of payments and credits, if any, from Guarantors, Borrower or from any other person, firm, or corporation or guarantor, on account of the Liabilities or of any other liability of Borrower to Lender so long as such application is made pursuant to the obligations imposed upon Lender under the Note and other Loan Documents.

F. **Lender's Right to Negotiate with Borrower.** Lender is hereby authorized, without notice or demand and without affecting the liability or impairing the obligations of Guarantors hereunder, from time to time to (i) enter into any agreement with Borrower to renew, extend, accelerate or otherwise change the time for payment of, or other terms relating to, the Liabilities or otherwise modify, amend or change the terms of the Note, the other Loan Documents, or other agreement, document or instrument now or hereafter executed by Borrower and delivered to Lender; (ii) accept partial payments on the Liabilities;(iii) settle, release, compromise, collect or otherwise liquidate the Liabilities and any security or collateral therefor in any reasonable manner; (iv) release any other guarantor in whole or in part; and (v) extend credit to or on behalf of Borrower in excess of the Liabilities pursuant to the terms of any of the other Loan Documents. Guarantors waive notice of any of the foregoing actions taken by Lender.

G. **Duty to Stay Informed.** Guarantors hereby assume responsibility for keeping informed of the financial condition of Borrower, and any and all endorsers and/or other guarantors of the payment of the Note and of all other circumstances bearing upon the risk of nonpayment of the Liabilities that diligent inquiry would reveal, and Guarantors hereby agree that Lender shall have no duty to advise Guarantors of information known to Lender regarding such condition or any such circumstances.

H. **Effect of Payment Invalidation.** Guarantors further agree that to the extent Borrower makes a payment or payments to Lender, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to a trustee, receiver or any other party under any bankruptcy act, state or federal law, common law or equitable cause, then to the extent of such payment or repayment, the Liabilities or part thereof intended to be satisfied shall be revived and continue in full force and effect as if said payment had not been made.

I. **Limitations on Guarantors' Rights as Against Borrower.** Until Guarantors' Liabilities under this Guaranty shall have been paid in full, Guarantors hereby waive any right to enforce any remedy which Guarantors now have or may hereafter have against Borrower, and Guarantors hereby waive any benefit of, and any right to participate in, any security or collateral given to Lender to secure payment of the Liabilities. Guarantors further agree that any and all claims of Guarantors against Borrower, arising by reason of any payment by Guarantors to Lender pursuant to the provisions hereof or otherwise, shall be subordinate and subject in the right of payment to the prior payment, in full, of all principal and interest, all costs of collection (including attorneys' fees) and any other liabilities or obligations owing to Lender by Borrower that may arise either with respect to any of the other Loan Documents or otherwise. Guarantors also waive all setoffs and counterclaims against Borrower and all presentments, demands for performance, notices of dishonor, and notices of acceptance of this Guaranty. Upon the occurrence or existence of an Event of Default under the Note or any of the other Loan Documents, after any applicable cure period, if any amount shall be paid to any of Guarantors on account of any claim or other right of any of Guarantors against Borrower at any time prior to the payment in full of all of the Liabilities, such amount shall be held by Guarantors in trust for the benefit of Lender, shall be segregated from other funds of Guarantors, and shall forthwith be paid by Guarantors to Lender, to be held by Lender as additional collateral for the Liabilities.

J. **No Waiver by Lender.** Lender's failure at any time hereafter to require strict performance by Borrower or Guarantors of any of the provisions, warranties, terms and conditions contained in the Note or any other document now or at any time hereafter executed by Borrower or Guarantors and delivered to Lender or any delay on the part of Lender in the exercise of any right or remedy thereunder shall not waive, affect or diminish any right or remedy thereunder of Lender at any time hereafter to demand strict performance therewith, and such right shall not be deemed to have been waived by any act or knowledge of Lender, its agents, officers or employees unless such waiver is contained in an instrument in writing signed by an officer of Lender and directed to Borrower specifying such waiver. No waiver by Lender of any default shall operate as a waiver of any other default or the same default on a future occasion, and no action by Lender permitted hereunder shall in any way affect or impair Lender's rights or the obligations of Guarantors under this Guaranty.

K. **Court Determination Binding on Guarantors.** Any determination by a court of competent jurisdiction of the amount of any principal and/or interest owing by Borrower to Lender shall be conclusive and binding on Guarantors irrespective of whether Guarantors were a party to the suit or action in which such determination was made.

L. **Acknowledgment.** Guarantors acknowledge and warrant that Guarantors have derived or expect to derive financial and other advantage and benefit, directly or indirectly, from the Liabilities and each and every advance thereof and from each and every renewal or extension thereof, granted or to be granted by Lender to Borrower.

M.  **Binding Obligation.** This Guaranty constitutes a legal, valid and binding obligation of Guarantors, and is fully enforceable against Guarantors in accordance with its terms;

N.  **Financial Information and Representations With Regard to Legal Proceedings.** All financial statements and financial information that have been furnished to Lender with respect to Guarantors fairly and accurately present the financial condition of Guarantors as of the date thereof and, since the date thereof, there has been no material adverse change in the financial condition of Guarantors. Each of Guarantors shall furnish Lender with updated and certified copies of their personal financial statements and federal income tax returns on an annual basis. Except as may be set out in an exhibit attached hereto, there are no legal proceedings, claims or demands pending against, or to the knowledge of Guarantors, threatened against, any of Guarantors or any assets of any of Guarantors by or on behalf of any third party as would materially impact on Lender's rights or interests hereunder, or under the Note and other Loan Documents.

O.  **Guarantors' Capacity and Review With Counsel.** Each of Guarantors has entered into this document of his, her or its own volition with full mental and legal capacity, free from mental defect, undue influences, fraud, menace, duress, coercion, drugs, alcohol or any other intoxicating substance, and each of Guarantors has read this Guaranty in full and completely and fully understands and consents to be bound by all of the terms contained herein, having been afforded an opportunity to consult with counsel regarding the same;

P.  **Guaranty Defaults.** The occurrence of any one of the following events shall, at the election of Lender, be deemed a default by the Guarantors ("Guaranty Default") under this Guaranty: (1) If any Guarantor fails to perform or observe any provision or condition contained in this Guaranty; (2) If any Guarantor fails to pay any of the Liabilities when due or declared due by Lender; or (3) If a petition under the Bankruptcy Reform Act of 1978 or any similar law or regulation shall be filed by any Guarantor, or if any Guarantor shall make an assignment for the benefit of creditors, or if any case or proceeding is filed by any Guarantor for dissolution or liquidation; and such action is not vacated or stayed within ninety (90) days. In the event of a Guaranty Default, Lender may pursue such relief as would otherwise be available to Lender under applicable law for breach of contract or for any damages resulting therefrom and may seek such injunctive relief as Lender deems reasonably necessary to protect its interests hereunder and, in such event, Guarantors shall reimburse Lender, in addition to all other obligations pursuant to this Guaranty for Guarantors to reimburse Lender, for Lender's reasonable attorneys' fees and costs incurred in such action.

Q. **Priority Upon Assignment.** Lender may, without notice, sell, assign or transfer all or any of the Liabilities and in such event each transferee or holder of all or any of the Liabilities shall have the right to enforce this Guaranty, but Lender shall have an unimpaired right, prior and superior to that of any such transferee or holder, to enforce this Guaranty for the benefit of Lender, as to so much of the Liabilities as it has not sold, assigned or transferred. Guarantors agree that Lender may disclose financial information about Guarantors to any proposed transferee with notice to such Guarantors.

Until such time as the Liabilities shall have been paid in full, Guarantors agree that they will not transfer any material assets relating to the Premises to any person or entity other than any other Guarantor hereunder or Maker without the express written consent of Lender.

R. **Binding Upon Successors.** This Guaranty shall be binding upon Guarantors and upon Guarantors' respective successors and assigns, heirs, devises, and personal representatives, and shall inure to the benefit of Lender's successors and assigns; all references herein to Borrower and to Guarantors shall be deemed to include their respective heirs, personal representatives, successors and assigns.

S. **Notice.** Any notice, demand, request or other communication which any party hereto may be required or may desire to give hereunder shall be in writing and shall be deemed to have been properly given if personally delivered or on the third business day after being deposited in United States certified mail, return receipt requested, postage prepaid, or upon delivery by Federal Express or other similar nationally recognized overnight courier service, to the following addresses:

| | |
|---|---|
| **IF TO HOLDER:** | SB Spring, LLC<br>312 W. 5th Street, Unit Office<br>Los Angeles, California 90013<br>Attention: Barry Shy |
| **WITH A COPY TO:** | Donald A. Shindler, Esq.<br>Brown, Udell, Pomerantz & Delrahim, Ltd<br>1332 North Halsted Street, Suite #100<br>Chicago, Illinois 60642 |
| **IF TO GUARANTORS:** | c/o SS Management<br>200 E. Howard Street, Suite 296<br>Des Plaines, Illinois 60018 |
| **WITH A COPY TO:** | Ted Donner, Esq.<br>Donner & Company Law Offices LLC<br>1125 Wheaton Oaks Court<br>Wheaton, Illinois 60187 |

WITH A COPY TO:    Sharon Sklarov
                   221 South Ridge Road
                   Lake Forest, IL 60056

WITH A COPY TO:    F. John McGinnis
                   McGinnis Wutscher, LLP
                   105 W. Madison St., 18th Fl.
                   Chicago, IL 60602

or to such other address as the party to receive such notice may have theretofore furnished to all other parties by notice in accordance herewith.

    T.   **Severability.** If any provision in this Guaranty is found by a court of competent jurisdiction to be in violation of any applicable law, and if such court should declare such provision of this Guaranty to be unlawful, void, illegal or unenforceable in any respect, the remainder of this Guaranty shall be construed as if such unlawful, void, illegal or unenforceable provision were not contained therein, and the rights, obligations and interests of the parties hereto under the remainder of this Guaranty shall continue in full force and effect undisturbed and unmodified in any way.

    U.   **Consent To Jurisdiction**

TO INDUCE LENDER TO ACCEPT THIS GUARANTY, GUARANTORS IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS GUARANTY SHALL BE LITIGATED IN COURTS HAVING SITUS IN LUCAS COUNTY, OHIO OR THE FEDERAL COURTS IN THE NORTHERN DISTRICT OF OHIO OR THE NORTHERN DISTRICT OF ILLINOIS. GUARANTORS HEREBY CONSENT AND SUBMIT TO THE JURISDICTION OF ANY COURT LOCATED WITHIN LUCAS COUNTY, OHIO OR THE FEDERAL COURTS IN THE NORTHERN DISTRICT OF OHIO OR THE NORTHERN DISTRICT OF ILLINOIS. GUARANTORS WAIVE PERSONAL SERVICE OF PROCESS UPON THEM, AND AGREE THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO GUARANTORS AT THE ADDRESS STATED HEREIN WITH SERVICE SO MADE TO BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT, WITH NOTICE TO ANY SUCH PARTY'S COUNSEL OF RECORD AT SUCH TIME, PURSUANT TO THE NOTICE REQUIREMENTS HEREIN.

V. <u>Waiver Of Jury Trial</u>

GUARANTORS, HAVING BEEN REPRESENTED BY COUNSEL, KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS GUARANTY, ANY OTHER LOAN DOCUMENT OR ANY RELATED AGREEMENT OR UNDER ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION WITH THIS GUARANTY OR ANY OF THE FORGOING DOCUMENTS, OR ARISING FROM ANY RELATIONSHIP EXISTING IN CONNECTION WITH THIS GUARANTY, AND AGREE THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY. EACH OF THE PARTIES HERETO AGREE THAT THEY WILL NOT ASSERT ANY CLAIM AGAINST THE OTHER ON ANY THEORY OF LIABILITY FOR SPECIAL, INDIRECT, CONSEQUENTIAL, INCIDENTAL OR PUNITIVE DAMAGES.

W. <u>Applicable Law.</u> This Guaranty shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the laws of the State of Ohio. Wherever possible each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Guaranty shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or the remaining provisions of this Guaranty.

[REMAINDER OF THIS PAGE LEFT BLANK]

IN WITNESS WHEREOF, this Guaranty has been duly executed and delivered at _____, Illinois as of November 27, 2013.

_____
Vladimir Sklarov a/k/a Val Sklarov

*[signature]*
_____
Sharon Sklarov

*[signature]*
_____
Sharon Sklarov, as Trustee of the Sklarov Children's Revocable Trust Dated February 17, 1998

STATE OF ILLINOIS )
COUNTY OF CALE )

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that VLADIMIR SKLAROV a/k/a Val Sklarov, who is personally known to me to be the person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered said instrument as his own free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this 27th day of November, 2013.

*[signature]*
_____
NOTARY PUBLIC

My Commission Expires:

9/10/16

OFFICIAL SEAL
MELISSA M PIWOWAR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/10/16

8

STATE OF ILLINOIS  )

COUNTY OF LAKE )

    I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that SHARON SKLAROV, who is personally known to me to be the person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she signed and delivered said instrument as her own free and voluntary act, for the uses and purposes therein set forth.

    GIVEN under my hand and Notarial Seal this 27th day of November, 2013.

_____
NOTARY PUBLIC

My Commission Expires:

9/10/16

OFFICIAL SEAL
MELISSA M PIWOWAR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/10/16

---

STATE OF ILLINOIS  )

COUNTY OF LAKE )

    I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that SHARON SKLAROV, who is personally known to me to be the person whose name is subscribed to the foregoing instrument as the trustee of the Sklarov Children's Revocable Trust Dated February 17, 1998 (the "Trust"), appeared before me this day in person and acknowledged that she signed and delivered said instrument as her own free and voluntary act and as the free and voluntary act of the Trust, for the uses and purposes therein set forth.

    GIVEN under my hand and Notarial Seal this 27th day of November, 2013.

_____
NOTARY PUBLIC

My Commission Expires:

9/10/16

## Exhibit A

## Promissory Note