# EXHIBIT H

FILED
LUCAS COUNTY

2015 APR -9 PM 1: 15

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

SB Spring, a California Limited Liability
Company,

    Plaintiff,

-vs-

KIDZ Real Estate, LLC, an Ohio Limited
c/o Statutory Agent Vladimir Sklarov
1233 Cribb Street
Toledo, OH 43612

Vladimir Sklarov a/k/a Val Sklarov
460 Hunter Lane
Lake Forest, IL 60045

Sharon Sklarov,
221 S. Ridge Road
Lake Forest, IL 60045

Sharon Sklarov as Trustee of the Sklarov
Childrens Revocable Trust Dated February 17,
1998
221 S. Ridge Road
Lake Forest, IL 60045

Lucas County Treasurer, Wade Kapszukiewicz
One Government Center, Suite 500
Toledo, OH 43604

Also serve the following Defendant at the
following address:

KIDZ Real Estate, LLC, c/o its Member
Sharon Sklarov as Trustee of the Sklarov
Childrens Revocable Trust Dated February 17,
1998
c/o Sharon Sklarov
221 S. Ridge Road
Lake Forest, IL 60045

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____ CI0201502179

Assigned to Judge Stacy L. Cook

Judge _____

COMPLAINT FOR BREACH OF
PROMISSORY NOTE, BREACH OF
GUARANTY, FORECLOSURE,
APPOINTMENT OF RECEIVER, AND
ASSIGNMENT OF RENTS

SHUMAKER, LOOP & KENDRICK, LLP
Gregory H. Wagoner (0076132)
David J. Coyle (0038966)
1000 Jackson Street
Toledo, Ohio 43604
Phone:    (419) 241-9000
Fax:      (419) 241-6894
Email:    gwagoner@slk-law.com
Email :    dcoyle@slk-law.com

Attorneys for Plaintiff

For its Complaint for Breach of Promissory Note, Breach of Guaranty, Foreclosure, and Appointment of Receiver, against Defendants KIDZ Real Estate Group, LLC, Vladimir Sklarov, Sharon Sklarov, and Sharon Sklarov as Trustee of the Sklarov Childrens Revocable Trust Dated February 17, 1998, Plaintiff, SB Spring, LLC ("SB Spring"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is SB Spring, LLC ("SB Spring"), a California Limited Liability Company with a business address set forth above.

2.      KIDZ Real Estate Group, LLC ("KIDZ") is an Ohio limited liability company with its principal place of business in Toledo, Ohio.

3.      Vladimir, a/k/a Val Sklarov, an individual, is an Illinois resident residing at the address listed above.

4.      Sharon Sklarov, an individual, is an Illinois resident residing at the address listed above.  Sharon Sklarov is also named as Trustee of the Sklarov Childrens Revocable Trust dated February 17, 1998 (the "Trustee"), which is an Illinois trust. KIDZ, Val Sklarov, Sharon Sklarov, and Trustee are collectively referred to herein as "Guarantors."

5.      The Treasurer of Lucas County, Ohio, may have, or claim to have, some right, title, or interest in certain parcels of the real property which is the subject of this Complaint for unpaid real estate taxes, penalties, or assessments.

6.      This action concerns the parties' interest in real property, including any structures and fixtures, located in the City of Toledo, in Lucas County, Ohio, commonly known as the Riviera Maia Apartments (the "Property"). A legal description of the Property is attached hereto as Exhibit A.

7.      Jurisdiction and venue are proper in this Court because KIDZ owns property in Lucas County, Ohio, and that property is the subject of this foreclosure action. Furthermore, SB Spring,

KIDZ, and Guarantors have all consented to venue and jurisdiction before this Court as part of the loan documents, described in further detail below. *See infra.*

8.  Pursuant to Local Rule 8.02(a)(1), an affidavit of Yaniv Abiner is attached to the Complaint as Exhibit B.

## FACTUAL ALLEGATIONS

9.  On or about November 27, 2013, KIDZ entered into a credit agreement with SB Spring in the original principal amount of $1,500,000.00, memorialized in a Promissory Note (the "Note"), a true and accurate copy of which is attached hereto as Exhibit C and incorporated herein. The Note was secured in part by an Open-End Mortgage, Security Agreement, and Financing Statement (the "Mortgage"). The Mortgage was subsequently recorded on December 17, 2013, with the Lucas County, Ohio, Recorder of Deeds as document number OR 20131217-0064169. True and accurate copies of the Mortgage, and a UCC financing statement recorded in connection therewith, are attached as Exhibits D and E, respectively, and are incorporated herein. The Mortgage is conditioned upon the payment of all sums due under any loan transactions and amendments executed by KIDZ.

10.  Also on November 27, 2013, KIDZ further executed and delivered to SB Spring two more security documents. First, KIDZ executed and delivered an Assignment of Leases and Rents ("Assignment of Rents") as security for the Note. A true and accurate copy of the Assignment of Rents is attached as Exhibit F and incorporated herein. The Assignment of Rents provided, in relevant part, that upon an Event of Default (as defined in the Note), SB Spring would have the right to collect, receive, retain, and use all rental income due pursuant to the leases to the Property in the ordinary course of business; SB Spring could also delegate that right to a receiver if it so chose. (*Id.* ¶ 1.) Second, KIDZ executed and delivered an Assignment of Permits, Licenses, Authorizations, Approvals, and Agreements (the "Assignment of Permits") as further security for payment of the Note. A true and accurate copy of the Assignment of Permits is attached as Exhibit G and

incorporated herein. In the Assignment of Permits, KIDZ stipulated and agreed, among other things, that in an Event of Default (as defined in the Note), KIDZ appointed SB Spring as its attorney-in-fact to take actions and execute documents it deems necessary to exercise the rights and remedies granted to KIDZ therein. (*Id.* ¶ 6(e).)

11.     Contemporaneously with KIDZ's execution and delivery of the Note, Mortgage, Assignment of Rents, and Assignment of Permits, each of the Guarantors executed a Joint and Several Guaranty Agreement (the "Guaranty," collectively with the Note, the Mortgage, the Assignment of Rents, and the Assignment of Permits as the "Loan Documents"). A true and accurate copy of the Guaranty is attached as Exhibit H and incorporated herein. By that document, the Guarantors each agreed to be jointly and severally liable for KIDZ's debt on the Note if KIDZ failed to satisfy any of its obligations under the Note or other Loan Documents.

12.     An "Event of Default" is defined in the Loan Documents as, among other things:

a.     Any default in the payment of principal or interest or in the payment of any other required monetary amount under any of the other Loan Documents (Ex. C ¶ M(1); Ex. D ¶ 15(a); Ex. F ¶ 1; Ex. G ¶ 6; Ex. H ¶ C);

b.     If there is any material adverse change in the net worth of Maker (Ex. C ¶ M(5); Ex. D ¶ 15(a); Ex. F ¶ 1; Ex. G ¶ 6; Ex. H ¶ C);

c.     If KIDZ is enjoined, restrained or in any way prevented by court order from conducting all or any material part of its business affairs with respect to the Property (Ex. C ¶ M(6); Ex. D ¶ 15(a); Ex. F ¶ 1; Ex. G ¶ 6; Ex. H ¶ C).

13.     Upon an Event of Default, SB Spring has the option, upon notice to KIDZ and Guarantors and their failure to cure within twenty-eight (28) days, to impose default interest at a rate of 15% per annum, accelerate the entire balance of the Note, and pursue any and every other right, remedy, and power it might have under the Loan Documents, and at law or equity. (Ex. C ¶ M(3); Ex. D ¶ 15(a); Ex. F ¶ 1; Ex. G ¶ 6; Ex. H ¶ C.)

SLK_TOL:#2565974v2

4

14.     KIDZ and Guarantors are jointly and severally liable for the obligations represented by the Loan Documents. (Ex. C ¶ N.) In addition, KIDZ must repay SB Spring for all costs of collection and litigation, together with reasonable attorneys' fees, if the Note is placed in the hands of any attorney to enforce collection or protect SB Spring's security. (*Id.* ¶ P.)

15.     Prior to December 22, 2014, SB Spring became aware that KIDZ was delinquent in the repayment of its property tax obligations. As evidenced by property tax statements issued by Lucas County, true and accurate copies of which are attached hereto as Exhibit I, since December 22, 2014, KIDZ has failed to pay more than $173,817.87 in property taxes for the Property. KIDZ's failure to pay property taxes levied upon the Property constitutes an Event of Default under the Loan Documents. This is a default of each of the Loan Document provisions detailed above in Paragraph 12(a).

16.     Furthermore, upon information and belief, KIDZ has, through neglect, failed to make necessary repairs, and, upon information and belief, through a failure to apply rents to necessary deferred maintenance and capital investments, allowed the Property to fall into disrepair. As a result of KIDZ's neglect and failure to act, the Property has recently been condemned by the City of Toledo and all residents have been ordered to leave the premises. This is a default of each of the Loan Document provisions detailed above in Paragraph 12(c).

17.     Because the Property has been condemned, its value has been compromised. As the Property is KIDZ's sole asset, KIDZ's net worth has therefore decreased materially. Moreover, because the Property has been condemned, KIDZ is no longer collecting rents and has been unable, since December, 2014, to collect rents. Indeed, KIDZ has not made a payment of principal or interest towards the Note since February 5, 2014. This is a default of each of the Loan Document provisions detailed above in Paragraphs 12(a) and 12(b).

18.     On December 22, 2014, SB Spring sent notice to KIDZ advising it that it was in default of the Loan Documents. A true and accurate copy of this notice is attached hereto as Exhibit J. KIDZ took no steps to remedy its defaults.

19.     On February 19, 2015, SB Spring sent a second default notice to KIDZ with respect to the Loan Documents. True and accurate copies of that second default notice is attached hereto as Exhibit K. On that same date, SB Spring also sent default notices to Guarantors, true and accurate copies of which are attached hereto as Exhibit L. SB Spring served the February 19, 2015 default notices as set forth in the Loan Documents; SB Spring further served copies upon counsel for the individual Guarantors, Val and Sharon Sklarov.

20.     As of the date of the filing of this Complaint, more than twenty-eight days has passed since demand was made but neither KIDZ nor Guarantors have remedied their respective defaults of the Loan Documents. SB Spring has therefore elected to accelerate the entire amount owed under the Note.

### FIRST CLAIM FOR RELIEF – BREACH OF NOTE

21.     SB Spring adopts the averments contained in paragraphs 1 through 20 of this Complaint as if fully restated herein.

22.     SB Spring is the holder of the Note. All conditions precedent to the right of SB Spring to recover under the Note have occurred, have been satisfied, or have been waived.

23.     KIDZ has failed or neglected to pay the indebtedness evidenced by the Note. KIDZ is therefore in default of the Loan Documents.

24.     As of April 6, 2015, KIDZ's balance due and owing on the Note is $1,548,124.98, comprised of $1,500,000 in principal, $43,999.98 in interest, and $4,125.00 in late fees, plus KIDZ owes an additional amount for default interest that is not included in the above amount. As a result of KIDZ's default, as of April 6, 2015, KIDZ owes SB Spring on the Note the amount of $1,548,124.98 plus default interest, plus attorney fees, expenses, costs, fees and accruing interest.

WHEREFORE, SB Spring requests that this Court:

A.     Enter judgment against KIDZ in the amount of the Note balance of $1,548,124.98, plus default interest, plus all additional accrued and accruing interest from April 7, 2015 until the judgment is paid in full at the Default Rate of 15% per annum, plus costs, fees, charges, and expenses, including but not limited to attorneys' fees, all as provided for under the Loan Documents and by law; and

B.     Grant SB Spring all further relief to which it may be entitled.

### SECOND CLAIM FOR RELIEF – BREACH OF GUARANTY

25.     SB Spring adopts the averments contained in paragraphs 1 through 20 of this Complaint as if fully restated herein.

26.     Each of the Guarantors have a duty, pursuant to the guaranty obligations they undertook in the Guaranty, to satisfy the undertakings and obligations of KIDZ under the Loan Documents.

27.     SB Spring has performed all conditions precedent to enforcing Guarantors' aforesaid guaranty obligations.

28.     Despite SB Spring's demand, Guarantors have failed to remedy KIDZ's defaults of the Loan Documents.

29.     Guarantors are therefore each in breach of the Guaranty.

WHEREFORE, SB Spring requests that this Court:

A.     Enter judgment against Guarantors, jointly and severely, in the amount of $1,548,124.98, plus default interest, plus all additional accrued and accruing interest from April 7, 2015 until the judgment is paid in full at the Default Rate of 15% per annum, plus costs, fees, charges and expenses, including but not limited to attorneys' fees, all as provided for under the Loan Documents and by law;

B.     Grant SB Spring all further relief to which it may be entitled.

## THIRD CLAIM FOR RELIEF - FORECLOSURE

30.     SB Spring adopts the averments contained in paragraphs 1 through 20 of this Complaint as if fully restated herein.

31.     In connection with the Note, KIDZ executed and delivered to SB Spring the Mortgage, granting SB Spring a first priority lien on the Property, including any fixtures, and a security interest in KIDZ's personal property located on the Property.

32.     SB Spring is the current holder of the Loan Documents.

33.     SB Spring's lien on the Property and KIDZ's personal property located at the Property securing the Note is superior to all liens, claims, or interests in the Property and personal property located at the Property and should be foreclosed and sold in the manner provided by law.

34.     KIDZ and Guarantors have each failed to pay the amounts outstanding pursuant to the Loan Documents.

35.     KIDZ and Guarantors' default entitles SB Spring to exercise each and every one of the remedies under the Loan Documents and under applicable law. These remedies include, without limitation, the option to commence proceedings to foreclose the Property and KIDZ's personal property located at the Property.

36.     As of the date of this Complaint, the indebtedness represented by the Note remains unpaid.

WHEREFORE, SB Spring requests that this Court:

A.     Declare SB Spring's mortgage interest in the Property to be a valid interest superior in all right, title, and interest in and to the Property;

B.     Order the Mortgage to be foreclosed as against KIDZ and all persons claiming from, under or through them;

C.     Order the Property to be sold in accordance with the law to satisfy the amounts due to SB Spring pursuant to the Note and the Loan Documents;

SLK_TOL:#2565974v2

D.     Order that the Lucas County Sheriff levy immediately upon the goods and chattels of KIDZ until such judgment is satisfied;

E.     Order that upon the expiration of the statutory period of redemption, and execution by the Lucas County Sheriff of the conveyance of the Property, any defendants or any others, who may be in possession of the Property, shall upon demand and exhibition of the deed surrender possession of the Property to the holder of the deed;

F.     If KIDZ does not surrender possession of the Property, order the Lucas County Sheriff to enter the Property and eject KIDZ, any affiliates of KIDZ, or anyone else in possession;

G.     Award SB Spring its interest, costs and attorneys' fees as provided under the Loan Documents and by law;

H.     Grant such other relief as may be deemed fair and equitable.

## FOURTH CLAIM FOR RELIEF - APPOINTMENT OF RECEIVER

37.     SB Spring adopts the averments contained in paragraphs 1 through 20 of this Complaint as if fully restated herein.

38.     Unless a receiver is appointed immediately by the Court to take possession and control of the Property and KIDZ's personal property located at the Property, SB Spring has no effective or efficient means to ensure that the Property is adequately maintained to enforce its Assignment. Pursuant to the terms of the Mortgage, SB Spring is entitled to the appointment of a receiver upon default. (Ex. D ¶ 19.)

39.     SB Spring also seeks a receiver to manage and oversee the affairs of the Property, to market and sell the Property and KIDZ's personal property located at the Property subject to a further Order of this Court, and to take such actions as are necessary in connection therewith including, but not limited to, collecting rents, making necessary repairs, remedying any defaults in the payment of taxes and other fees, utilities, and expenses, collecting rents, enforcing leases, executing new leases,

providing reasonable and necessary services to tenants, preventing waste, and issuing receivership certificates.

40.     SB Spring will suffer irreparable loss unless a receiver is appointed because it cannot otherwise preserve and protect its collateral and efficiently enforce the Assignment of Rents.

WHEREFORE, Plaintiff, SB Spring, requests that this Court:

A.     Appoint a receiver for the Property and KIDZ's personal property located at the Property during the pendency of this foreclosure action and any redemption period, to collect rents, pay insurance premiums, pay utilities and real property taxes, perform any other obligations necessary with respect to the Property, and to market and sell the Property (and KIDZ's personal property located at the Property) with the fees and expenses of such receiver to be paid from the rents and revenues derived from the Property;

B.     Enjoin KIDZ and all persons acting by, through, or in concert with it from interfering in any manner with the Receiver's operation and management of the Property, collection of rents or other income generated or the operations of the Property, or the Receiver's performance of any other powers or duties conferred upon the Receiver by this Court, all during the pendency of this action and until redemption of the Property, or the expiration of the period of redemption; and

C.     Grant such other relief as may be fair and equitable.

SHUMAKER, LOOP & KENDRICK, LLP
Gregory H. Wagoner (0076132)
David J. Coyle (0038966)
1000 Jackson Street
Toledo, Ohio 43604
Phone:     (419) 241-9000
Fax:        (419) 241-6894
Email:     gwagoner@slk-law.com
Email :    dcoyle@slk-law.com

Attorneys for Plaintiff

BROWN, UDELL, POMERANTZ
& DELRAHIM, LTD.

Shelley Smith
John M. Kraft
Attorneys for the Plaintiff
1332 N. Halsted
Chicago, Illinois 60642
(312) 475-9900 (telephone)
(312) 475-1188 (fax)
ssmith@bupdlaw.com
jkraft@bupdlaw.com